[Civ. No. 22722.   First Dist., Div. Three.   Mar. 4, 1966.]

ANTONIO MIGLIERINI, Plaintiff and Appellant, v. GER-HARD HAVEMANN et al., Defendants and Respondents.

Nielsen, Backman, McKerrow, Townsend & Fairbanks and Robert Townsend for Plaintiff and Appellant.

Sellar & Engleking and A. J. Engleking for Defendants and Respondents.

SALSMAN, J.—This is an appeal from a judgment dismissing plaintiff's action after the trial court sustained defendants' demurrer to plaintiff's first amended complaint. Leave to amend further was denied. The only issue on appeal therefore is the sufficiency of plaintiff-appellant's first amended complaint.

The material allegations of the complaint are to the effect that appellant parked his car in a parking lot; that respondents operated their car negligently and collided with appellant's parked car; that respondents did not stop and identify themselves nor leave information as to their identity, as required by Vehicle Code section 20007,[1] but drove away; that appellant observed the incident and ran after respondents' car, calling upon the driver to stop; that in the pursuit appellant tripped and fell, sustaining personal injuries for which he demanded damages.

In our examination of appellant's complaint we must keep in mind fundamental and long established rules where the appeal is from a judgment after a demurrer has been sustained. Thus we must give the pleading a liberal construction with a view to substantial justice between the parties (*Buxbom v. Smith,* 23 Cal.2d 535, 545 [145 P.2d 305]) and we must presume that its allegations are true. (*Marin v. Jacuzzi,* 224 Cal.App.2d 549 [36 Cal.Rptr. 880].)

Where a complaint attempts to state a cause of action for negligent conduct resulting in damages, it must allege facts to show the defendants' legal duty of care towards the plaintiff; a breach of that duty by the defendants either by an act or omission; injury as a result of the breach of duty and damage. Here we are principally concerned with questions relating to the existence of a duty of care owed by respondents to appellant. Appellant contends that the provisions of Vehicle

[1]Section 20007 has been amended and renumbered as section 20002 of the Vehicle Code. (See Stats. 1965, ch. 872, pp. 2474-2475.)

Code section 20007 establish a duty of care owed to him by respondents; that violation of the statute breached that duty, and hence respondents were negligent.

We think appellant's reliance upon Vehicle Code section 20007 is misplaced. ■ To state a cause of action in tort based upon the violation of a statute, it must appear that, at the time of the violation, the plaintiff was a member of the class for whose benefit the statute was enacted; that the accident causing the injury is of the nature the statute was designed to prevent, and the violation must be a proximate cause of the injury. (*Nunneley* v. *Edgar Hotel*, 36 Cal.2d 493, 497, 499 [225 P.2d 497]; see also, Prosser, Torts (2d ed.) pp. 152-158; 2 Chadbourne, Cal. Pleading, § 943, p. 8; 65 C.J.S., Negligence, § 19, pp. 413-424.)

■ In determining whether the violation of a statute is of such character as to constitute negligence, the purposes of the statute must be examined, and the dangers against which the statute was intended to afford protection, as well as the injury or damage it was intended to prevent must be considered. ■ Vehicle Code section 20007 was undoubtedly enacted by the Legislature to protect owners of unattended vehicles from financial loss caused by irresponsible persons who damage such vehicles and attempt to escape liability by departing from the scene of the accident without leaving any identification or evidence by which to trace them. But the statute was not designed to protect the owner of an unattended vehicle from personal injuries sustained in the chase of one suspected of being responsible for damages to an owner's unattended vehicle. ■ Here it may be admitted that appellant is a member of the class of persons sought to be protected by the statute, in that he is the owner of an unattended vehicle alleged to have been damaged by respondents. But the harm suffered by appellant is not the harm the statute was designed to prevent. Appellant's complaint therefore fails to show any duty of care owed by respondents to appellant with respect to the particular injury suffered.

Appellant also argues that apart from the statute respondents were negligent in departing from the scene after striking appellant's parked vehicle without stopping to ascertain the damage caused or to locate appellant as owner of the damaged vehicle. Appellant contends that this negligent conduct was the proximate cause of his injury and damage. ■ But, as we have noted in considering the statute, actionable negligence depends upon a duty to protect a party from the damage

suffered. The existence or nonexistence of such a duty in a particular case is a question of law for the court to decide and not a question of fact for the jury. (*Amaya* v. *Home Ice, Fuel & Supply Co.*, 59 Cal.2d 295 [29 Cal.Rptr. 33, 379 P.2d 513].) █ Like the duty imposed by statute, that arising at common law is designed to protect an owner from damage to his automobile, not to guard him against bodily injury sustained in headlong pursuit of the offending car. In the absence of duty, therefore, we do not come to appellant's arguments on the question of proximate cause.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.