[No. S036146. Aug. 14, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSE CARBAJAL, Defendant and Respondent.

■■■■■■■■■■■■■■■■■■

**COUNSEL**

Michael D. Bradbury, District Attorney, Kent Baker, William Redmond and Kevin G. Denoce, Deputy District Attorneys, for Plaintiff and Appellant.

Kenneth I. Clayman, Public Defender, Christine L. Briles, Susan R. Olson, Neil Quinn and Bryant A. Villagan, Deputy Public Defenders, for Defendant and Respondent.

Michael P. Judge, Public Defender (Los Angeles), David Meyer, Assistant Public Defender, Albert J. Menaster and Kathy Quant, Deputy Public Defenders, as Amici Curiae on behalf of Defendant and Respondent.

**OPINION**

**WERDEGAR, J.**—In this case we are asked to decide whether, when a defendant is convicted of leaving the scene of an accident in violation of Vehicle Code section 20002, subdivision (a) (commonly known as "hit-and-run"),[1] a trial court, in the proper exercise of its discretion, may order restitution as a condition of probation. (All further statutory references are to

---

[1] At the time of the offense, Vehicle Code section 20002, subdivision (a) provided: "The driver of any vehicle involved in an accident resulting in damage to any property, including vehicles, shall immediately stop the vehicle at the scene of the accident and shall then and there do one of the following:

"(1) Locate and notify the owner or person in charge of that property of the name and address of the driver and owner of the vehicle involved and, upon locating the driver of any other vehicle involved or the owner or person in charge of any damaged property, upon being requested, present his or her driver's license, vehicle registration, and evidence of financial responsibility as specified in subparagraph (B) of paragraph (2) to the other driver, property

the Vehicle Code, unless otherwise noted.) We hold it is within the trial court's discretion in such a case to condition probation on payment of restitution to the owner of the property damaged in the accident from which the defendant unlawfully fled. A restitution condition in such a case can be reasonably related to the offense underlying the conviction and can serve the purposes of rehabilitating the offender and deterring future criminality. Therefore, we affirm the judgment of the Court of Appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 1992, Jose Carbajal was arrested for violating section 20002, subdivision (a). Defendant was driving his car when he collided with an unoccupied vehicle, legally parked on the side of the road, causing damage to the parked car. Defendant drove away without leaving his name and other information required by law. Charged with violation of section 20002, subdivision (a), he pleaded no contest and admitted violating an unspecified condition of probation.[2] On March 20, 1992, the trial court dismissed one count of driving with a suspended license in violation of section 14601.1, subdivision (a), placed defendant on probation for three years, and ordered him to pay a $250 fine and any civil judgment arising from the accident. The court reinstated his previous grant of probation on the same terms and conditions as had previously been imposed.

At the time defendant entered his plea of no contest, the People asked the court to order, as a condition of probation, that defendant pay restitution to the person whose car was damaged in the accident. The trial court, citing *People* v. *Escobar* (1991) 235 Cal.App.3d 1504 [1 Cal.Rptr.2d 579], denied the request.[3] The People appealed this ruling to the Ventura County Superior Court, Appellate Department. The appellate department held, pursuant to *People* v. *Dailey* (1991) 235 Cal.App.3d Supp. 13 [286 Cal.Rptr. 772], the

owner, or person in charge of that property. The information presented shall include the current residence address of the driver and of the registered owner. If the registered owner of an involved vehicle is present at the scene, he shall also, upon request, present his driver's license information, if available, or other valid identification to the other involved parties."

Vehicle Code sections 20001, 20003 and 20004 impose a duty on motorists to stop if a driver is involved in an accident resulting in injury to any person, other than himself or herself, or death of any person; to provide identifying information to the person struck, the driver, the other occupant of the vehicle collided with, and to the authorities; and to render "reasonable assistance" (Veh. Code, § 20003, subd. (a)) to the injured person.

[2]Apparently, defendant was on misdemeanor probation at the time of his arrest in the present matter. He had been convicted on June 11, 1991, of violating the basic speed law (§ 22350), and on April 23, 1987, of driving under the influence (§ 23152, subd. (a)).

[3]In *People* v. *Escobar*, *supra*, 235 Cal.App.3d 1504, the defendant was convicted of leaving the scene of an accident causing injury (§ 20001). The court struck an order requiring defendant to pay restitution to the victims as a condition of probation on the ground that the damage "resulted neither from his crime nor from an act performed with the same state of

trial court had discretion to order restitution.[4] The appellate department certified the transfer of the case to the Court of Appeal, pursuant to California Rules of Court, rule 62(a). The Court of Appeal affirmed. We granted defendant's petition for review to resolve the question.[5]

## DISCUSSION

We deal in this case with restitution as a condition of probation. Probation is generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation. (Pen. Code, § 1203.1; *People* v. *Welch* (1993) 5 Cal.4th 228, 233 [19 Cal.Rptr.2d 520, 851 P.2d 802].) The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions. (Pen. Code, § 1203.1, subd. (b); Cal. Rules of Court, rule 414; *People* v. *Warner* (1978) 20 Cal.3d 678, 682-683 [143 Cal.Rptr. 885, 574 P.2d 1237].) The primary goal of probation is to ensure "[t]he safety of the public . . . through the enforcement of court-ordered conditions of probation." (Pen. Code, § 1202.7.) As we stated recently, conditions of probation "are routinely imposed when the sentencing court determines, in an exercise of its discretion, that a defendant who is statutorily eligible for probation is also suitable to receive it." (*People* v. *Welch, supra,* 5 Cal.4th at p. 230.) In the granting of probation, the Legislature has declared the primary considerations to be: "the nature of the offense; the interests of justice, including punishment, reintegration of the offender into the community, and enforcement of conditions of probation; the loss to the victim; and the needs of the defendant." (Pen. Code, § 1202.7.)

In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. (See *In re Bushman* (1970) 1 Cal.3d 767, 776 [83

---

mind as he had in committing the crime," and therefore could serve no rehabilitative purpose. (*People* v. *Escobar, supra,* 235 Cal.App.3d at p. 1512.)

[4]In *People* v. *Dailey, supra,* 235 Cal.App.3d Supp. 13, the court upheld an order conditioning probation on restitution in a case where the defendant was convicted of violating section 20002, subdivision (a), after hitting several legally parked, unoccupied cars and fleeing the scene of the accident. (*People* v. *Dailey, supra,* 235 Cal.App.3d Supp. 13, 20-21.)

[5]On July 19, 1993, the court revoked defendant's probation for a subsequent offense. On August 9, 1993, after defendant admitted violating probation, the court reinstated probation and continued the same terms and conditions as before. Defendant's probation has since expired, rendering this appeal technically moot. However, we choose to exercise our discretion to address the validity of restitution as a condition of probation for hit-and-run cases because, although "technically moot" in defendant's case, the issue presents a "potentially recurring question of public importance." (*Butt* v. *State of California* (1992) 4 Cal.4th 668, 677, fn. 7 [15 Cal.Rptr.2d 480, 842 P.2d 1240].)

Cal.Rptr. 375, 463 P.2d 727], disapproved on other grounds in *People v. Lent* (1975) 15 Cal.3d 481, 486, fn. 1 [124 Cal.Rptr. 905, 541 P.2d 545]; *People v. Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290]; *People v. Lent, supra*, 15 Cal.3d at p. 486; *People v. Richards* (1976) 17 Cal.3d 614, 619 [131 Cal.Rptr. 537, 552 P.2d 97].) "The court may impose and require . . . [such] reasonable conditions[] as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." (Pen. Code, § 1203.1, subd. (j).) The trial court's discretion, although broad, nevertheless is not without limits: a condition of probation must serve a purpose specified in the statute. In addition, we have interpreted Penal Code section 1203.1 to require that probation conditions which regulate conduct "not itself criminal" be "reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent, supra*, 15 Cal.3d 481, 486.) As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or " ' "exceeds the bounds of reason, all of the circumstances being considered." ' [Citations.]" (*People v. Welch, supra*, 5 Cal.4th at p. 233.)

■ Restitution has long been considered a valid condition of probation. (*People v. Miller* (1967) 256 Cal.App.2d 348, 352 [64 Cal.Rptr. 20].) Penal Code section 1203.1 requires trial courts to "consider whether the defendant as a condition of probation shall make restitution to the victim or the Restitution Fund," and requires the court to "provide for restitution in proper cases." (Pen. Code, § 1203.1, subds. (b) & (a)(3).)[6] California courts have long interpreted the trial courts' discretion to encompass the ordering of restitution as a condition of probation even when the loss was not necessarily caused by the criminal conduct underlying the conviction. Under certain circumstances, restitution has been found proper where the loss was caused by related conduct not resulting in a conviction (*People v. Miller, supra*, 256 Cal.App.2d at pp. 355-356), by conduct underlying dismissed and uncharged counts (*People v. Goulart* (1990) 224 Cal.App.3d 71, 79 [273 Cal.Rptr. 477]), and by conduct resulting in an acquittal (*People v. Lent, supra*, 15 Cal.3d at p. 483). There is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a civil action. (See *In re Brian S.* (1982) 130 Cal.App.3d 523, 528-532, 534, fn. 4 [181 Cal.Rptr. 778].)

---

[6]When a defendant is denied probation, section 1202.4, subdivision (f) of the Penal Code provides for restitution paid directly to the victim and subdivision (e) provides for restitution payable to a state fund.

■ Defendant correctly notes that article I, section 28, of the California Constitution, also known as Proposition 8, grants victims of crime a constitutional right "to restitution from the wrongdoers for financial losses suffered *as a result of criminal acts. . . .*" (Cal. Const., art. I, § 28, subd. (a), italics added.) Under Proposition 8 and its implementing legislation (Pen. Code, § 1203.04), the right to restitution, defendant argues, is limited to losses *caused by the crime* of which a defendant is convicted.[7]

We disagree. Penal Code section 1203.04, in addition to requiring restitution for losses resulting from the defendant's criminal acts, further provides that "[n]othing in this section shall be construed to limit the authority of the court to grant or deny probation or *provide conditions of probation.*" (Pen. Code, § 1203.04, subd. (g), italics added.) In light of this language, we find unconvincing defendant's claim that the electorate in passing Proposition 8, and the Legislature in enacting section 1203.04, intended to *narrow* the circumstances under which restitution is proper, so as to preclude courts from exercising their discretion to impose restitution for losses not caused by the crime underlying a defendant's conviction. As one court has stated: "In view of the strongly expressed concern for victims suffering losses as a result of a criminal activity an interpretation effectively limiting a victim's rights to restitution would be in derogation of the expressed intent and purposes of Proposition 8 and the provisions adopted by the Legislature to implement this measure." (*People* v. *Baumann* (1985) 176 Cal.App.3d 67, 83 [222 Cal.Rptr. 32].) We accept this reasoning and conclude that nothing in Proposition 8 or in Penal Code section 1203.04 purports to limit or abrogate the trial court's discretion, under Penal Code section 1203.1, to order restitution as a condition of probation where the victim's loss was not the result of the crime underlying the defendant's conviction, but where the trial court finds such restitution will serve one of the purposes set out in Penal Code section 1203.1, subdivision (j). (See *ante*, p. 1121.)

■ Defendant argues that even if this court's judicial interpretations of Penal Code section 1203.1 have not been abrogated by Proposition 8, restitution would nonetheless be improper in his case pursuant to *People* v. *Lent, supra*, 15 Cal.3d 481, and *People* v. *Richards, supra*, 17 Cal.3d 614. Again, we disagree.

---

[7]Article I, section 28, subdivision (b) provides in pertinent part: "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for the losses they suffer. [¶] Restitution shall be ordered . . . in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary."

Penal Code section 1203.04, subdivision (a)(1) provides: "It is the intent of the Legislature that a victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from the defendant convicted of that crime."

In *People* v. *Lent, supra,* 15 Cal.3d 481, after the defendant was convicted of grand theft, the trial court imposed as a condition of probation that he pay restitution for funds allegedly taken in a related criminal charge of which he was acquitted. (*Id.* at p. 483.)[8] Adopting the test originally stated by the Court of Appeal in *People* v. *Dominguez, supra,* 256 Cal.App.2d at page 627, we concluded that "a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People* v. *Lent, supra,* 15 Cal.3d at p. 486.)[9] In *Lent,* despite the acquittal, we found "no question as to the relationship of the total sum of restitution ordered to the crime of which defendant was convicted," because the victim had lost a total of $1,778 to which she was entitled; the trial court was convinced defendant was responsible for that loss; and the crime of which defendant was convicted involved the theft of some of those funds. (*Id.* at p. 486.) We determined that an order for restitution, which attempts to make a victim whole, "has generally been deemed a deterrent to future criminality," and concluded the court is not limited to the transactions or amounts of which the defendant is actually convicted. (*Ibid.*) We therefore found no abuse of discretion in the restitution order for funds taken in the transactions of which the defendant was acquitted.

Defendant observes, correctly, that in the context of the hit-and-run statute, the restitution condition may relate to conduct that is not in itself necessarily criminal, i.e., the probationer's driving at the time of the accident.[10] Accordingly, under *Lent* the restitution condition must be reasonably related either to the crime of which the defendant is convicted or to the goal of deterring future criminality. We find the restitution condition is reasonably related to both.

---

[8]The total amount of restitution imposed as a condition of probation was $1,778: $500 stemmed from the count of which the defendant was convicted and $1,278 from the count of which he was acquitted. (*People* v. *Lent, supra,* 15 Cal.3d at p. 485.)

[9]The *Dominguez* court stated the test in the negative: a condition of probation will not be held invalid unless it: "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." (*People* v. *Dominguez, supra,* 256 Cal.App.2d at p. 627.)

[10]The essential elements of a violation of section 20002, subdivision (a) are that the defendant: (1) knew he or she was involved in an accident; (2) knew damage resulted from the accident; and (3) knowingly and willfully left the scene of the accident (4) without giving the required information to the other driver(s). (*People* v. *Crouch* (1980) 108 Cal.App.3d Supp. 14, 21 [166 Cal.Rptr. 818].)

CALJIC No. 16.652 provides in pertinent part: "The duties imposed by law upon the driver of a vehicle involved in an accident resulting in damage to property are not affected by the cause of or the blame for the accident. [¶] If such a driver willfully fails to perform any of the duties imposed upon him/her, he/she is guilty of a misdemeanor, whether the accident was caused by his/her own or another's negligence, or by the concurrent negligence of two or more persons, or was unavoidable." (CALJIC No. 16.652 (1992 rev.).)

First, the restitution is related to the crime of leaving the scene of the accident. ▇ "The regulatory purpose of . . . section 20002, subdivision (a) is to provide the owners of property damaged in traffic accidents with the information they need to pursue their civil remedies." (*People* v. *Crouch, supra,* 108 Cal.App.3d at p. Supp. 20.) By leaving the scene of the accident, the fleeing driver deprives the nonfleeing driver of his or her right to have responsibility for the accident adjudicated in an orderly way according to the rules of law. This commonly entails a real, economic loss, not just an abstract affront. Among other things, the crime imposes on the nonfleeing driver the additional costs of locating the fleeing driver and, in some cases, the total costs of the accident. "The cost of a 'hit and run' violation is paid for by *every* law-abiding driver in the form of increased insurance premiums. The crime with which the defendant is charged is complete upon the 'running' whether or not his conduct caused substantial or minimal (or indeed any) damage or injury; it is the *running* which offends public policy." (*People* v. *McWhinney* (1988) 206 Cal.App.3d Supp. 8, 12 [254 Cal.Rptr. 205].) ▇ The lack of a precise fit between the costs of the crime and the amount of restitution ordered does not render the restitution order invalid, if it serves a purpose described in Penal Code section 1203.1.

Second, restitution is also related to the goal of deterring future criminality. By seeking to force the defendant to accept the responsibility he attempted to evade by leaving the scene of the accident without identifying himself, the restitution condition acts both as a deterrent to future attempts to evade his legal and financial duties as a motorist and as a rehabilitative measure tailored to correct the behavior leading to his conviction. A trial court may reasonably determine that a restitution order to pay the person whose property was damaged in the accident is better suited to the rehabilitation of the probationer than an order to pay the Restitution Fund. ▇ "Restitution is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused. Such a penalty will affect the defendant differently than a traditional fine, paid to the State as an abstract and impersonal entity, and often calculated without regard to the harm the defendant has caused. Similarly, the direct relation between the harm and the punishment gives restitution a more precise deterrent effect than a traditional fine." (*Kelly* v. *Robinson* (1986) 479 U.S. 36, 49, fn. 10 [93 L.Ed.2d 216, 228, 107 S.Ct. 353].)

▇ As in *Lent,* here there is no question as to defendant's responsibility for the loss. (*People* v. *Lent, supra,* 15 Cal.3d at p. 486.) Defendant concedes he "committed a negligent act of driving that caused damage to [the victim's] parked car." ▇ Section 20002 (and its predecessor, section 20007) were "undoubtedly enacted by the Legislature to protect owners of

unattended vehicles from financial loss caused by irresponsible persons who damage such vehicles and attempt to escape liability by departing from the scene of the accident without leaving any identification or evidence by which to trace them." (*Miglierini* v. *Havemann* (1966) 240 Cal.App.2d 570, 573 [49 Cal.Rptr. 795].) ▮ We find, therefore, that a trial court could properly determine restitution would serve a salutary rehabilitative purpose by directing the defendant to accept the social responsibility he attempted to evade when he fled the scene without identifying himself. Conditioning probation on restitution under these circumstances would serve the rehabilitative purposes specified in Penal Code section 1203.1.[11]

▮ In determining that probation for misdemeanor hit-and-run violations may be conditioned on restitution to the owner of the damaged property, we emphasize the importance of trial court compliance with Penal Code sections 1203, subdivision (d) and 1203.1k.[12] The defendant is entitled to notice that restitution for the property damage may be considered as a condition of probation and must be given a meaningful opportunity to controvert the information to be considered and relied on by the court in sentencing. (See *People* v. *Avol* (1987) 192 Cal.App.3d Supp. 1, 6 [238 Cal.Rptr. 45].) Restitution orders may not be based merely upon the trial court's subjective belief regarding the appropriate compensation; there must be a factual and rational basis for the amount ordered and the defendant must be permitted to dispute the amount or manner in which restitution is to be made. (Pen. Code, § 1203.1k; see also *In re Brian S., supra,* 130 Cal.App.3d at p. 532.)

---

[11]Because a primary purpose of conditioning probation on restitution is to rehabilitate the defendant, trial courts have wide discretion to decide, based on the facts of a particular hit-and-run case, whether or not to impose such a condition and, based on the individual defendant, how to fashion the amount and manner in which restitution is to be made to achieve the statutory aims.

[12]Penal Code section 1203, subdivision (d) provides as follows: "If a person is convicted of a misdemeanor, the court may either refer the matter to the probation officer for an investigation and a report or summarily pronounce a conditional sentence. If the case is not referred to the probation officer, in sentencing the person, the court may consider any information concerning the person which could have been included in the probation report. *The court shall inform the person of the information to be considered and permit him or her to answer or controvert the information.* For this purpose, upon the request of the person, the court shall grant a continuance before the judgment is pronounced." (Pen. Code, § 1203, subd. (d), italics added.)

Penal Code section 1203.1k provides in pertinent part that, when an order for restitution is made under section 1203.1, the court "may order the specific amount of restitution and the manner in which restitution shall be made to a victim based on the probation officer's report or it may, with the consent of the defendant, order the probation officer to set the amount of restitution and the manner in which restitution shall be made to a victim. *The defendant shall have the right to a hearing before the judge to dispute the determinations made by the probation officer in regard to the amount or manner in which restitution is to be made to the victim.*" (Pen. Code, § 1203.1k, italics added.)

 Defendant asserts restitution is improper, citing *People* v. *Richards*, *supra*, 17 Cal.3d 614, because the act of driving into the victim's car was not necessarily committed with the same state of mind as the act of unlawfully leaving the scene. In *Richards*, the defendant was charged with two counts of grand theft involving two different victims; he was convicted of the count involving victim Garbuio and acquitted of the count involving victim Ward. The court placed him on probation on condition he pay restitution to Ward (he had apparently already repaid Garbuio for the theft). (*Id.* at pp. 617, 619, fn. 2.) Restitution, we acknowledged, may exceed the losses for which a defendant has been held culpable, but the restitution must be "narrowly tailored to serve a purpose described in section 1203.1." (*People* v. *Richards*, *supra*, 17 Cal.3d at p. 620.) We reversed the restitution condition because the jury did not find overt dishonesty on the defendant's part for the thefts involving victim Ward. Absent extraordinary circumstances, we held, probation may not be conditioned on restitution of money involved in an alleged crime of which the defendant was acquitted. (*People* v. *Richards*, *supra*, 17 Cal.3d at p. 616.)

First, we find *People* v. *Richards*, *supra*, 17 Cal.3d 614, factually distinguishable, because, unlike *Richards*, defendant *admitted* fleeing from the scene of the accident and was convicted of that offense. Therefore, in this case the restitution condition does *not* relate to an act of which the probationer was acquitted. (*Id.* at p. 616.) Second, insofar as *Richards* may be read to require that trial courts refrain from conditioning probation on restitution "unless the act for which the defendant is ordered to make restitution was committed with the same state of mind as the offense of which he was convicted . . ." (*id.* at p. 622), we disapprove it. Here, we find defendant's state of mind at the time he hit the parked car is irrelevant to the trial court's determination that, upon defendant's conviction for fleeing the scene of the accident, conditioning his probation on a restitution order would make amends "to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." (Pen. Code, § 1203.1, subd. (j).)[13]

For these reasons, we hold a trial court, in the proper exercise of its discretion, may condition a grant of probation for a defendant convicted of fleeing the scene of an accident on payment of restitution to the owner of the

---

[13]We also reject the notion that trial court discretion to order restitution in a hit-and-run case amounts to an improper substitute for a civil action to recover damages. The restitution condition is imposed not to satisfy a purported private debt to an individual, but to reform and rehabilitate the person whose action in fleeing from the accident scene constituted a public offense "prosecuted in the name of the people of the state of California. . . ." (Pen. Code, § 684.)

property damaged in the accident. We find such a condition accords with the statutory goals of public safety, victim compensation, and offender rehabilitation. (Pen. Code, §§ 1202.7, 1203, 1203.1.)

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.

**MOSK, J.**—I dissent.

The majority conclude that when a defendant is convicted of violating Vehicle Code section 20002, subdivision (a) (hereafter section 20002), the trial court may impose restitution as a condition of probation even though the offense itself—*leaving the scene of an accident*—did not result in any property damage or injury. I dissent because, in my view, requiring such a defendant to pay civil damages for the underlying accident, which involved no criminal wrongdoing, serves no demonstrable rehabilitative or deterrent purpose. Instead, under these circumstances the majority would have the trial court function merely as a collection agency for the equivalent of a civil judgment imposed without a jury trial.

The majority reason that a restitution order is a proper exercise of discretion because the noncriminal conduct at issue—an accidental collision resulting in property damage—is "reasonably related" to the offense of which defendant was convicted. It is true there is a temporal and even a "but-for" relation between defendant's involvement in the accident and his violation of section 20002. That is not, however, the sort of "reasonable relationship" we have previously required: under our precedents, the conduct must be substantially related *in kind* to the criminal offense for which the probationer was convicted. Although restitution could properly be ordered as a condition of probation in some section 20002 cases—e.g., when *the very act of fleeing the scene of an accident* results in damage, injury, or death—it is otherwise inappropriate unless the defendant acted with the same culpable state of mind in "hitting" the car as in "running" from the scene.[1]

In *People* v. *Richards* (1976) 17 Cal.3d 614, 619 [131 Cal.Rptr. 537, 552 P.2d 97], we held that although trial courts have broad discretion in creating

---

[1]The popular term—"hit-and-run"—is obviously a misnomer for a section 20002 violation. "Hitting" is not an element of the offense; nor is any level of fault for the accident required for conviction. A driver violates the statute if he knew he was in an accident involving damage and knowingly and willfully left the scene of the accident without providing the required information to the other drivers. (*People* v. *Crouch* (1980) 108 Cal.App.3d Supp. 14, 21 [166 Cal.Rptr. 818].) All these elements occur *after* the accident.

conditions of probation, such discretion is not unbounded: a condition imposed must serve a purpose specified under Penal Code section 1203.1. We emphasized that "[t]he major goal of section 1203.1 is to rehabilitate the criminal." (17 Cal.3d at p. 620.) We expressly rejected an "additional and ill-conceived purpose: to resolve the civil liability of the criminal." (*Ibid.*)

We also acknowledged that "[r]estitution may exceed the losses for which a defendant has been held culpable." (*People* v. *Richards, supra,* 17 Cal.3d at pp. 619-620.) Indeed, we had previously held that a trial court may, as a condition of probation, require or forbid any conduct, so long as it is either related to the proved crime or would deter future criminality. (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545] ["a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality"].) We explained that in limited circumstances a trial court can also impose restitution not only for the proved crime, but also for *other conduct* of which the defendant was *not* convicted, provided that to do so would serve the ends of rehabilitation. We concluded, however, that it would do so only if "the act for which defendant is ordered to make restitution was committed with the same state of mind as the offense of which he was convicted." (*People* v. *Richards, supra,* 17 Cal.3d at p. 622.) That is, the other conduct must also be a dishonest or culpable act, and must be related to the proved offense. The reason for this rule is obvious: "No rehabilitative purpose can be served by forcing a person to confront tendencies which differ from those which induced his crime." (*Ibid.*)

I continue to believe that our analysis in *Richards* is eminently sound. No rehabilitative or deterrent purpose is served by ordering restitution for an act that did not involve any dishonesty or other culpable mental state. By his plea of no contest to the charge of violating section 20002, defendant admitted *only* that he left the scene of an accident, not that he intentionally, or even negligently, caused the accident. Even defendant's subsequent concession, in his brief on appeal, that he "committed a negligent act of driving," is at best an admission of simple negligence. Monetary liability for an act of negligence is an issue for civil litigation, not for criminal sentencing.[2]

Without analysis, the majority "disapprove" *Richards*—together with numerous decisions by the Court of Appeal addressing the precise issue

---

[2]In adopting Proposition 8 in 1982, the people of California amended the Constitution to provide that "all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer." (Cal. Const., art. I, § 28, subd. (b).) Although, like the majority, I conclude that Proposition 8 did not directly abrogate our case law concerning restitution, it is instructive, because it recognizes that as a matter of "victim's rights"—and apart from any rehabilitative or deterrent purpose—

presented here. (See *People* v. *Escobar* (1991) 235 Cal.App.3d 1504, 1509 [1 Cal.Rptr.2d 579] ["[A] plea of guilty to a 'hit-and-run' offense admits responsibility for leaving the scene but not for causing injury. Restitution is proper only to the extent that the victim's injuries are caused or exacerbated by the offender's leaving the scene."]; *People* v. *Lafantasie* (1986) 178 Cal.App.3d 758, 762 [224 Cal.Rptr. 13] ["The court did not conclude, nor from this record, could it find Lafantasie's leaving the scene was committed with the same state of mind as his driving at the time of the collision. It follows that imposition of restitution for the act of driving cannot serve a valid rehabilitative purpose."]; *People* v. *Corners* (1985) 176 Cal.App.3d 139, 148 [221 Cal.Rptr. 387] ["As there is no evidence in the present case that defendant's criminal conduct in leaving the scene aggravated [the victim's] injuries, the request for restitution for injuries caused by the defendant's noncriminal conduct in hitting [the victim] is an attempt to impose civil liability through the back door."]; *People* v. *O'Rourke* (1980) 105 Cal.App.3d Supp. 1, 4 [165 Cal.Rptr. 92] ["The crime of which defendant was convicted is the intentional act of leaving the scene of an accident in which property damage has occurred. The damage to the third party's property was caused by acts which occurred prior to the criminal act, not as a result of the criminal act. . . . [R]equiring the defendant to pay for the alleged property damage is not related to future criminality."].)

The majority simply ignore this clear weight of authority. Indeed, they refer only in passing to *Escobar* and entirely overlook the holdings in *Lafantasie*, *Corners*, and *O'Rourke*. I would adhere to the persuasive analysis and conclusions of that consistent line of decisions.[3]

Even under the *Lent* test applied by the majority, however, the restitution at issue is invalid. First, "restitution cannot be based on mere civil claims."

restitution serves the goal of making a victim whole for losses suffered as a result of *criminal conduct.*

[3]The single case the majority cite in support of their contrary view is *People* v. *Dailey* (1991) 235 Cal.App.3d Supp. 13 [286 Cal.Rptr. 772], in which the appellate department of the superior court improperly affirmed an order conditioning probation on restitution after the defendant was convicted of violating section 20002. Significantly, as the Court of Appeal below observed, the appellate department in the present case had no power to follow *Dailey*, which was itself in direct conflict with the numerous Court of Appeal cases in point, including *People* v. *Lafantasie*, *supra*, 178 Cal.App.3d 758. It is settled, of course, that "Decisions of every division of the District Courts of Appeal are binding upon all the justice and municipal courts and upon *all* the superior courts of this state, and this is so whether or not the superior court is acting as a trial *or appellate court.*" (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937], italics added.) *Dailey* is also unpersuasive, among other reasons, because it erroneously included "the striking and damaging [of several parked cars]" as "elements of the crime" (235 Cal.App.3d at p. Supp. 17) and concluded that Proposition 8 abrogated the case law concerning restitution in hit-and-run cases. (235 Cal.App.3d at p. Supp. 20.)

(*People* v. *Lent, supra*, 15 Cal.3d at p. 487.) The restitution here is based on *civil* liability for property damages from an automobile accident. Second, we held that a condition of probation involving conduct that did not lead to criminal conviction will be held valid unless it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal,. and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Id.* at p. 486; see maj. opn., *ante*, at p. 1123, fn. 9.) The restitution condition at issue here satisfies none of these requirements: (1) it relates to an act of driving that occurred prior to, not as a result of, the criminal offense; (2) it relates to conduct, i.e., driving at the time of an accident, that is not itself criminal; and (3) it requires conduct, i.e., payment of the equivalent of civil damages, which is not reasonably related to future criminality.

The majority acknowledge that the restitution condition relates to conduct "that is not in itself necessarily criminal, i.e., the probationer's driving at the time of the accident." (Maj. opn., *ante*, at p. 1123.) They conclude, however, that the restitution condition is "related to" the offense of leaving the scene of the accident and to future criminality. Neither conclusion is persuasive.

First, the majority reason that restitution is related to the crime of leaving the scene of the accident because "[b]y leaving the scene of the accident, the fleeing driver deprives the nonfleeing driver of his or her right to have responsibility for the accident adjudicated in an orderly way according to the rules of law. This commonly entails real, economic loss, not just an abstract affront." (Maj. opn., *ante*, at p. 1124.) Section 20002, however, serves the regulatory purpose of providing owners of property damaged in traffic accidents with information necessary to pursue their *civil* remedies.[4] Once the property owner is provided with that information, he is placed in the same position that he would have been in had the driver not fled the scene. He is, therefore, no longer deprived of his "right to have responsibility for the accident adjudicated in an orderly way" and has suffered no "real, economic loss." (Maj. opn., *ante*, at p. 1124.)[5]

Second, the majority conclude that the restitution condition—presumably in addition to or in lieu of any fine imposed under section 20002—will serve

[4]"The regulatory purpose of Vehicle Code section 20002, subdivision (a) is to provide the owners of property damaged in traffic accidents with the information they need to pursue their civil remedies." (*People* v. *Crouch, supra*, 108 Cal.App.3d Supp. 14, 20; see also *California* v. *Byers* (1971) 402 U.S. 424, 430 [29 L.Ed.2d 9, 18, 91 S.Ct. 1535] ["§ 20002(a)(1) was not intended to facilitate criminal convictions but to promote the satisfaction of civil liabilities arising from automobile accidents"].)

[5]To the limited extent that fleeing the scene of the accident resulted in additional financial loss to the property owner whose car was struck—e.g., the costs of locating the driver for the purpose of civil litigation—a condition of probation requiring payment of those expenses *would* be reasonably related to the defendant's offense under section 20002.

to deter future violations of the provision by forcing the defendant to accept the "legal and financial duties as a motorist" he attempted to evade by leaving the scene of the accident. (Maj. opn., *ante*, at p. 1124.) To the extent that the defendant's motive was to avoid civil liability, however, deterrence was already served by providing the name and address of the defendant to the property owner in order to allow the latter to pursue his civil remedy.[6] The defendant has thus already been forced " 'to confront, in concrete terms, the harm his actions have caused.' " (*Ibid.*)

In addition to serving no meaningful rehabilitative or deterrent purpose, the restitution endorsed by the majority is a poor substitute for civil litigation, particularly in an automobile accident case. As we explained in *Richards*, "Disposing of civil liability cannot be a function of restitution in a criminal case. To begin with, the criminal justice system is essentially incapable of determining that a defendant is in fact civilly liable, and if so, to what extent. . . . A party sued civilly has important due process rights, including appropriate pleadings, discovery, and a right to a trial by jury on the specific issues of liability of damages. The judge in the criminal trial should not be permitted to emasculate those rights by simply declaring his belief that the defendant owes a sum of money." (*People* v. *Richards, supra,* 17 Cal.3d at p. 620.)[7]

Although the majority note that the defendant is entitled to notice and a "meaningful opportunity to controvert the information to be considered and relied on by the court in sentencing" (maj. opn., *ante*, at p. 1125), he would be deprived of the panoply of rights and protections available to defendants in civil suits for damages. "Not only are the purposes of criminal and civil actions fundamentally different, but the procedures are also discordant. The round peg of civil damages simply will not fit into the square hole of criminal proceedings." (*In re Brian S.* (1982) 130 Cal.App.3d 523, 530 [181 Cal.Rptr. 778].)

---

[6] There are also, of course, many reasons for "running" from the scene of an accident apart from avoidance of a lawsuit for damages, including such disparate motives as an illegal alien's desire to avoid deportation or an adolescent's misplaced fear of getting into trouble. There is no reason to believe that requiring restitution equivalent to civil damages would deter the same behavior in the future.

[7] Significantly, in pointing to the weakness of such practice we drew in *Richards* on a decision by the Michigan Supreme Court in a hit-and-run case: "Striking down a probation condition requiring a defendant convicted of leaving the scene of an accident to pay the medical expenses of the pedestrians he hit, the court declared, 'The liability . . . is fixed by the [trial] court. How? Is it by a trial in open court, upon pleadings, defining the claims and issues, with the taking of testimony under oath, confrontation of witnesses, cross-examination, and assertion of defenses, including that of contributory negligence? Clearly not.' " (*People* v. *Richards, supra,* 17 Cal.3d at pp. 620-621, quoting *People* v. *Becker* (1957) 349 Mich. 476 [84 N.W.2d 833, 839].)

Unlike the defendant in a civil action for damages, a criminal defendant convicted under section 20002 is never afforded the right to have a jury make the determination that the accident was his fault or the amount of damages incurred. (See *People* v. *Baumann* (1985) 176 Cal.App.3d 67, 80 [222 Cal.Rptr. 32] [criminal defendant is not entitled to a jury trial on the amount of restitution].) Under section 20002, the jury need determine only whether the defendant was "involved in an accident," i.e., whether an accident took place. The jury is not required to determine who caused the accident, or whether the accident occurred intentionally, negligently, or innocently. The same is true when a defendant pleads no contest to a charge of violating section 20002.

Nor do the provisions for a sentencing hearing contemplate or require the equivalent of a full trial on these and other issues of liability and damages. The rules of evidence and other procedural requirements in civil trials are typically relaxed at a sentencing hearing; indeed, they would interfere with the expeditious disposition of such a hearing. In addition, compounding the problem of substituting a sentencing hearing for civil litigation is the fact that a criminal defendant is particularly vulnerable and may be disinclined to oppose or contest a restitution determination for fear of incurring a custodial sentence.

Moreover, the trial court "is not required to determine what damages might be recoverable in a civil action but may instead use any rational method of fixing the amount of restitution which is reasonably calculated to make the victim whole and which is consistent with the purpose of rehabilitation." (*In re Brian S.*, *supra*, 130 Cal.App.3d at p. 531.) It need not apportion liability or determine comparative fault: "[T]here is no requirement that the [restitution] order be limited to the exact amount of loss in which the individual is actually found culpable." (*Id.* at p. 534, fn. 4.)

In short, lest the trial courts in criminal cases "be reduced to 'mere collection agencies' " for civil litigants (*People* v. *Richards*, *supra*, 17 Cal.3d at p. 620), I would reverse the judgment of the Court of Appeal.