Filed 3/12/13  P. v. Rose CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KATHLEEN MARIE ROSE,<br><br>    Defendant and Appellant. | 2d Crim. No. B241199<br>(Super. Ct. No. 2011020534)<br>(Ventura County) |

Kathleen Marie Rose appeals from an order granting probation with jail and restitution terms after pleading no contest to grand theft of personal property. (Pen. Code, §487, subd. (a).)[1]  Appellant contends that the trial court erred in ordering her to pay $13,500 restitution for a vintage Les Paul guitar that she sold to a pawnshop for $500. We affirm

Appellant lived in her boyfriend's (Richard Burns) house four to five years before breaking up with him.  Burns was a contractor and collected guitars.  In May 2011, he discovered that appellant had taken his vintage Les Paul guitar, 25 pieces of sterling silver, a welding machine, power tools, and some other guitars.

Burns found some of the tools in the pawnshop but the Les Paul was long gone.  He testified that the Les Paul was worth $14,000 to $15,000.  Rob Lawrence, a world expert on Les Paul guitars who wrote a book with jazz/blues phonon Les Paul,

---

[1] All statutory references are to the Penal Code.

appraised the guitar at $13,000 to 15,000.  (See *Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP.* (M.D.Tenn. 2004) 311 F.Supp.2d 690 [discussing history of Les Paul guitars] (*Gibson Guitar*).)  The pawn shop employee (Phillip Donovan), who played guitar, opined that the Les Paul was worth $3,000 to $4,000.   The trial court valued the Les Paul at $13,500 and ordered $17,878 victim restitution for everything taken.

*Too Much*

Appellant argues that the restitution amount for the Les Paul is based on unreliable evidence. The evidence ranged from a low of $3,000 (pawn shop employee) to a high of $14,000 to $15,000 (guitar owner and world guitar expert).  The trial court valued the guitar at $13,500 --- hardly unreasonable, arbitrary, or beyond the bounds of reason. (*People v. Giordano* (2007) 42 Cal.4th 644, 663-664; see e.g., *People v. Hove* (1999) 76 Cal.App.4th 1266, 1275.)  Trial courts, in ordering restitution as a condition of probation, have "wide discretion . . . ." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1125, fn. 11.  "Wide" means what it says.

Appellant assumes that a defendant can steal a vintage guitar, sell it on the cheap, and limit the victim restitution amount. That isn't how criminal restitution works (§1202.4, subd. (f)(3)(A)).  It is not our function, in the words of Les Paul and Mary Ford, to reweigh the evidence or ask, "How High the Moon?"  (*Gibson Guitar*, *supra,* 311 F.Supp.2d at p. 694.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

2

Ryan J. Wright, Judge

Superior Court County of Ventura

_____


Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II, Supervising Deputy Attorney General, Kathy S. Pomerantz, Deputy Attorney General, for Plaintiff and Respondent.