Filed 4/30/14  P. v. Baker CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063816 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD244547) |
| CLARENCE T. BAKER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed as modified.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

In November 2012, police officers found Clarence T. Baker in possession of Percocet without a prescription. Baker entered a negotiated guilty plea to possessing oxycodone (Health & Saf. Code, § 11350, subd. (a)). The court imposed a stipulated sentence of three years' probation. Baker appeals, raising two contentions: First, the court violated his due process rights by fixing the amount of reimbursable attorney fees at $570 without sufficient evidence, notice or a hearing. Second, the probation condition requiring that he "[t]ake psychotropic medications if prescribed / ordered by doctor" is invalid on its face because it is vague, overbroad and impermissibly infringes on his right to due process, liberty interest and fundamental privacy right. We agree with the second contention.

ATTORNEY FEES

The court found the face value of the services of Baker's appointed attorney was $570. The court ordered Baker to report to Revenue and Recovery within 20 days "for a determination of your present ability to pay the cost of your court appointed attorney [Pen. Code, §] 987.8." The probation order further stated: "If it is determined that you have the present ability to pay all or any part of the costs incurred, the county will request that a judgment be issued against you for this amount. If you do not agree with this determination, you have the right to a hearing before the court for a decision on your present ability. Failure to report within the 20 days will be deemed a waiver of your right to such a hearing, and a civil judgment will be entered against you for the amount of costs incurred. Payment of any costs so determined shall be to Revenue and Recovery. Payment is not a condition of probation but any judgment obtained may be enforced in

2

the manner of any civil judgment."  In light of this further statement, Baker's contention is not ripe.  (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170-171.)  Even if Revenue and Recovery determines that Baker has the ability to pay "all or any part of the costs," he still has the right to a court hearing at which he can present evidence of an inability to pay any or all of the $570.

PROBATION CONDITION

Respondent concedes the probation condition requiring Baker to "[t]ake psychotropic medications if prescribed / ordered by doctor" "appears to be overbroad and vague and its nexus to [Baker]'s reformation and rehabilitation appears tenuous."  We agree the condition is invalid because, inter alia, it does not require that Baker be aware of the prescription or order, does not define "psychotropic medications," and is not reasonably related to Baker's crime or future criminality.  (*People v. Balestra* (1999) 76 Cal.App.4th 57, 65, citing *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)  In light of our conclusion, we need not consider Baker's remaining challenges to the probation condition.

## DISPOSITION

The judgment is modified by deleting probation condition number 7a.  As so modified, the judgment is affirmed.


MCCONNELL, P. J.

WE CONCUR:


NARES, J.


HALLER, J.