Filed 5/14/15  P. v. Morales CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>UBALDO MORALES,<br><br>　　　　Defendant and Appellant. | A142092<br><br>(Sonoma County<br>Super. Ct. No. SCR455809) |

Appellant Ubaldo Morales's sole challenge in this appeal is to a probation condition prohibiting him from consuming alcohol or being in places where alcohol is the primary item for sale.  We reverse and remand.

BACKGROUND

Appellant pled no contest to two counts of attempting to assist another to obtain a driver's license, knowing that the person is not entitled to the document (Pen. Code, §§ 529.7, 664); and one count of conspiracy to commit the same (*id.*, §§ 182, 529.7, 664). The charges arose from his participation in a conspiracy to sell driver's licenses to undocumented immigrants.

Imposition of sentence was suspended and appellant was placed on three years formal probation.  The trial court ordered, as one of the conditions of appellant's probation: "You're not to consume any alcoholic beverages.  You're not to be in a place where alcohol is the primary item of sale."  Appellant's counsel objected to the condition, arguing there was no "nexus to alcohol being used in this case or any alcohol problems for [appellant]."  The trial court responded, "I believe that alcohol terms are appropriate

1

in all probation matters, and I'm going to go ahead and impose the alcohol terms at this time."

## DISCUSSION

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.] 'The court may impose and require . . . [such] reasonable conditions[] as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer.' [Citation.] The trial court's discretion, although broad, nevertheless is not without limits: a condition of probation must serve a purpose specified in the statute. In addition, we have interpreted Penal Code section 1203.1 to require that probation conditions which regulate conduct 'not itself criminal' be 'reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120–1121.)

The trial court's rationale that a condition prohibiting a probationer from consuming alcohol and being in places where alcohol is the primary item of sale is appropriate in *all* cases is an abuse of discretion because the court failed to exercise its discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847–848) The People properly concede the error. We will reverse and remand for the trial court to exercise its discretion pursuant to the correct standard.

## DISPOSITION

The portion of the sentencing order prohibiting appellant from consuming alcohol or being in places where alcohol is the primary item of sale is reversed and remanded. The judgment is otherwise affirmed.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.