Filed 1/28/16  P. v. Lamzon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C078871 |
| Plaintiff and Respondent, | (Super. Ct. No. SF129712A) |
| v. | |
| RUEL ESQUERRA LAMZON, | |
| Defendant and Appellant. | |

A jury found defendant Ruel Esquerra Lamzon guilty of being a felon in possession of a firearm (a rifle), and the trial court found he had served a prior prison term.  The court sentenced him to prison for the low term of 16 months for the possession crime and a consecutive one year for the enhancement.

Defendant appeals, contending the trial court erred in:  (1) denying his motion to suppress the evidence against him; and (2) refusing to grant him probation.  Disagreeing, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND[1]

Around 9:50 p.m. on October 1, 2014, Stockton Police Officer Melissa White and Lieutenant Michael Reynosa, who were together in a patrol car, saw defendant riding his bicycle in the dark without a light in a residential area of south Stockton.  They noticed that defendant had a "long cylinder-type object that was attached to the front handlebars of this bicycle" that was wrapped in plastic and a sweater.  The package was wrapped in such a way that it was not obvious what was inside.  The officers pulled up behind defendant and turned on their patrol car's emergency lights.  Defendant stopped immediately.  Officer White asked defendant for his identifying information.  Defendant did not have a photo identification with him, but he gave his first and last name and date of birth.  Lieutenant Reynosa asked defendant about the package attached to his handlebars.  Defendant replied, "it was a stick used for protection."  As soon as defendant made this statement, Officer White arrested him because "that would be against the law, a Billy club-type item used for protection," and put him in handcuffs.

Officer White went back to the patrol car to do a records check.  Lieutenant Reynosa stayed with defendant and talked with him for the two to three minutes it took to complete the records check.  Through the records check, Officer White learned that defendant had an outstanding arrest warrant and had been convicted of a felony.  Officer White then put defendant in the backseat of the patrol car.  Officer White searched the package on defendant's bike, which contained a rifle.

---

[1]      These facts are taken from the hearing on the motion to suppress evidence.

DISCUSSION

I

*The Trial Court Properly Denied Defendant's*

*Motion To Suppress The Evidence Against Him*

The trial court ruled that the police properly stopped defendant for the Vehicle Code violation; the warrant check, while it caused a delay, was not unreasonable in length; and the search of the package was incident to arrest.

Defendant contends on appeal that the trial court's ruling was wrong because the officers had no basis on which to detain him, no basis on which to handcuff him for simply riding his bicycle without a light, and no basis on which to search the package without a warrant. Defendant is wrong on all counts.

Defendant's detention was proper because he violated the law (specifically, Vehicle Code section 21201, subdivision (d)(1), which prohibits riding a bicycle at night without a light) and his detention was not unduly prolonged. During a valid traffic stop, an officer may check for identification and outstanding warrants. (*Rodriguez v. United States* (2015) 575 U.S. __ [191 L.Ed.2d 492, 499].) Police may make unrelated inquiries " 'so long as [unrelated] inquiries do not measurably extend the duration of the stop.' " (*Ibid.*) If a suspect cannot produce identification for examination, an officer has discretion to take additional steps to ensure the accuracy of any identification the suspect provided. (*People v. McKay* (2002) 27 Cal.4th 601, 621.)

Here, immediately upon stopping defendant, Officer White asked him for identification. Defendant could not produce any written identification, but he did give the officer his name and date of birth. At this point, Officer White was acting lawfully by verifying the verbal identification and checking for outstanding warrants. And it did not unduly prolong the detention when, just after defendant failed to produce identification, Lieutenant Reynosa asked defendant about the package on his bicycle. It was then defendant said it was a stick *used for protection*. At this point, the police acted lawfully

3

in arresting defendant for possessing an unlawful weapon. (See Pen. Code, § 22210 [criminalizing possession of a billy]; *People v. Davis* (2013) 214 Cal.App.4th 1322, 1328, 1329 [a billy includes an ordinarily harmless object "when the circumstances of possession demonstrate an immediate atmosphere of danger," which in that case was a bat that the defendant told police he needed "for protection"].)

Finally, the police did not err in searching the package without a warrant. "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. " (*Arizona v. Gant* (2009) 556 U.S. 332, 351 [173 L.Ed.2d 485, 501].) Here, it was reasonable for the officers to believe that the bicycle contained evidence (the billy) of the offense of arrest, (possession of a billy), because it was defendant who told police officers that the package contained a stick for protection.

## II

*The Court Acted Within Its Discretion In Refusing Defendant Probation*

"[P]robation shall not be granted to" "[a]ny person who has been previously convicted twice in this state of a felony" "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation." (Pen. Code, § 1203, subd. (e)(4).) The trial court denied defendant probation, stating, "[y]ou have been convicted of two prior felonies [that] were not remote in time." On appeal, defendant contends that "[g]iven [his] history of narcotics abuse and the nonviolent nature of the current offense," the trial court should have given him probation.

When a defendant is presumptively ineligible for probation, the trial court must determine whether the presumption is overcome and the interests of justice would be served by a grant of probation. (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 830.) In deciding whether to grant or deny probation, the trial court has broad discretion. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) A decision denying

4

probation will be reversed only on a showing of abuse of discretion.  (*Du*, at p. 831.)

Defendant has not shown an abuse of discretion here.  As the trial court noted, defendant was indeed convicted of two felonies not remote in time.  Defendant's most recent two felonies (which were from 2008) included having contact with a minor with intent to commit a sexual offense and distributing harmful material to a minor with lewd intent.  He was sentenced to 44 months in prison.  Upon his release on parole, he twice violated that parole.  He had been discharged from parole for just six months when he committed his current crime of being a felon in possession of a rifle.  In addition to these two prior felonies, defendant had five more felonies and four misdemeanors.  Given this background, the trial court was well within its discretion to find that the interests of justice would not be served by granting defendant probation.

## DISPOSITION

The judgment is affirmed.



/s/
Robie, J.



We concur:



/s/
Nicholson, Acting P. J.



/s/
Mauro, J.

5