Filed 5/5/26  In re V.K. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| In re V.K., a Person Coming Under the Juvenile Court Law. | C103768 |
| | (Super. Ct. No. JVJJ000277) |
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>V.K.,<br>    Defendant and Appellant. | |

On November 12, 2024, a wardship petition filed under Welfare and Institutions Code section 602, subdivision (a) [statutory section citations that follow are to the Welfare and Institutions Code] charged the minor V.K. with two counts of misdemeanor resisting law enforcement officers in the execution of their duties (Pen. Code, § 148, subd. (a)(1).  On April 9, 2025, the juvenile court sustained the petition and placed the minor on probation for six months under section 725.  V.K. filed a timely notice of appeal.

On appeal, V.K. claims that the probation condition imposed by the juvenile court that "[t]he minor shall not possess any dangerous weapons" is unconstitutionally vague.  The People respond that the matter is moot because probation ordered by the court on April 9, 2025, expired by its terms in October 2025.  V.K. does not dispute that his

1

probation has expired but argues on reply that this court should nonetheless review his claim on the merits, because it raises a question of general public concern that is capable of repetition and likely to evade review.

Generally, the expiration of probation renders an appeal challenging a probation condition moot. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120, fn. 5; *In re R.V.* (2009) 171 Cal.App.4th 239, 245; *In re Erica R.* (2015) 240 Cal.App.4th 907, 911.) To be sure, where there is matter of broad public interest that is likely to recur, or the same controversy is likely to recur between the parties, we may exercise our discretion to resolve the issue. (See, e.g., *Carbajal, supra*, at p. 1120, fn. 5; *In re R.V., supra*, at p. 245; see also *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.) This is not such a case. Since V.K.'s probation has expired, we shall dismiss the appeal.

DISPOSITION

The appeal is dismissed.


/s/
HULL, Acting P. J.

We concur:



/s/
BOULWARE EURIE, J.



/s/
FEINBERG, J.