Filed 10/25/13  In re Julian H. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re JULIAN H., a Person Coming Under the Juvenile Court Law. | B246560<br>(Los Angeles County<br>Super. Ct. No. FJ48370) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JULIAN H.,<br><br>        Defendant and Appellant. | |

        APPEAL from an order of the Superior Court of Los Angeles County.  Benjamin R. Campos, Juvenile Court Referee.  Affirmed as modified.

        Jennifer Gerard, under appointment of the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Shira B. Seigle, Deputy Attorney General, for Plaintiff and Respondent.

_____

## SUMMARY

The juvenile court sustained count 1 of a petition under Welfare and Institutions Code section 602, finding that appellant, minor Julian H., committed the crime of petty theft in violation of Penal Code section 484, subdivision (a),[1] on March 9, 2012. The juvenile court dismissed count 2 of the petition which alleged that appellant committed petty theft on February 23, 2012.

Appellant contends there is insufficient evidence to sustain count 1 of the petition. In addition, he contends the ordered restitution amount of $300 is incorrect and the correct amount is $298. Respondent notes the orally imposed restitution order was not reflected in the minute order and asks that the minute order be corrected to comport with the oral pronouncement.

We remand to the trial court with directions to correct the minute order and in all other respects affirm the adjudication order.

## BACKGROUND

### A. Prosecution Evidence

On March 9, 2012, about 9:00 a.m., A.T. was in her computer class at Helen Bernstein High School when appellant sat down next to her and asked if he could hold her bag. A.T. gave appellant permission and handed him her purse. A.T.'s iPod touch was in a pocket of her purse with a tasseled zipper which was closed. A.T. saw appellant manipulating the tassel and turned to him. Appellant told A.T. not to worry and he was not going to steal anything. Appellant had A.T.'s bag for approximately five minutes.

As computer class was ending, appellant handed A.T. back the bag and they left the class. As was her habit, A.T. checked her bag for her iPod as she was leaving class and realized that her iPod was missing. No one else had touched her bag between the time she gave it to appellant and the time he returned it to her.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

A.T. called her home to ask her sister to check in case she had left the iPod at home but said she knew it was with her at school. Her sister told her it was not at home. When A.T. went home she checked her apartment and car and did not find the iPod.

Before this incident, around February 23, 2012, A.T. noticed appellant opening her wallet and removing money. A.T. had not given appellant permission; rather, the purse was unattended while she worked on the computer. Appellant put the money back in the wallet and laughed, and then A.T. laughed. A.T. explained that she gave appellant her purse during the March 2012 incident because she was new to the school and did not have friends and thought he was trying to befriend her so she was trying to be nice.

On cross-examination, A.T. conceded she did not see appellant remove the iPod and when she saw him playing with the tassel, the zipper opened but not wide enough to remove the iPod. She also conceded she had not reported the prior February 2012 incident, explaining she "let it go" because she was trying to be nice and make friends.

## B. Defense Evidence

Los Angeles Police Department Officer Cesar De La Cruz contacted appellant on March 9, 2012 regarding an investigation about a stolen iPod. De La Cruz did not recover an iPod from appellant.

## C. Disposition Below and Sentencing

The juvenile court sustained the petition as to the first count for petty theft on March 9, 2012 but dismissed the second count for petty theft on February 23, 2012. A.T. resumed testifying and stated she bought the iPod for about $300. When asked for a more specific amount, she stated the iPod cost $298.

The juvenile court then stated it was "going to fix the restitution at $300" and ordered appellant to remain home on probation. The court then stated that "[a]ll of the previous terms and conditions remain in full force and effect."[2] The juvenile court also ordered appellant to perform 40 hours of community service.

---

[2] Appellant was the subject of a prior Welfare and Institutions Code section 602 petition filed in February 2011 alleging vandalism (§ 594, subd. (a)).

3

Appellant contends that the juvenile court erred in sustaining count 1 of the petition because there is insufficient evidence that he violated section 484, subdivision (a), and erred in ordering $300 in restitution when A.T.'s testimony was that the iPod cost $298.

## I. Count 1

"In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] The federal standard of review is to the same effect: Under principles of federal due process, review for sufficiency of evidence entails not the determination whether the reviewing court itself believes the evidence at trial establishes guilt beyond a reasonable doubt, but, instead, whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Citation.] The standard of review is the same in cases in which the prosecution relies mainly on circumstantial evidence. [Citation.] . . . ""''If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment."'' [Citations.]"' [Citation.]" (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)

Section 484, subdivision (a) states: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, . . . is guilty of theft. . . ." Theft is divided into two degrees, grand theft and petty theft, (§ 486); grand theft includes personal property valued more than $950 (§ 487) and petty theft is "[t]heft in other cases" (§ 484).

Here, A.T. testified that when she handed her purse to appellant it contained her iPod touch, A.T. observed him play with the tassel on the zipper of the pocket containing the iPod, no one else touched her bag between the time she gave it to him and the time he

returned it to her, and when she checked her bag after he returned it her iPod was missing. From this testimony, it can reasonably be inferred that appellant took A.T.'s iPod. Appellant, however, argues that the fact that A.T. also called her sister at home to look for the iPod and checked herself for the iPod at home indicates she was not sure if the iPod was in her purse that day. The juvenile court, however, found it was not unusual to "doublecheck" and would not negate the other circumstantial evidence indicating the iPod had been in the purse and was taken by appellant. Because the circumstances reasonably justify the juvenile court's finding, a reversal is not warranted. Welfare and Institutions Code section 730.6 parallels the adult restitution statute and governs restitution in juvenile proceedings. (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1131-1132.) Under that section, a victim who incurs any economic loss as a result of the conduct of a minor shall receive restitution directly from the minor in accordance with subdivision (h).

## II. Restitution

Welfare and Institutions Code section 730.6 governs restitution in juvenile proceedings and parallels the adult restitution statute. (*In re Johnny M., supra,* 100 Cal.App.4th at pp. 1131-1132.) Under that section, a victim who incurs any economic loss as a result of the conduct of a minor shall receive restitution directly from the minor in accordance with subdivision (h). Section 730.6, subdivision (h), in turn, provides that a restitution order "to the extent possible, . . . shall be of a dollar amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred as the result of the minor's conduct for which the minor was found to be a person described in Section 602, including all of the following: [¶] (1) Full or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property . . . ."

A restitution order is reviewed under an abuse of discretion standard. (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.) A trial court is found to be within its discretion as long as there is a factual and rational basis for the restitution amount ordered. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1125.) A victim's statements at a

restitution hearing about the value of her property is prima facie evidence of the property's value. (*People v. Foster* (1993) 14 Cal.App.4th 939, 946-948.)

Here, A.T. initially testified that the cost of her iPod was "about $300." When asked if it was more or less than $300, A.T. responded "[i]t was $298." Thus, appellant argues on appeal that the juvenile court abused its discretion in ordering $300 in restitution rather than $298.

Appellant's failure to raise this issue at sentencing waives the issue. (*People v. Gamache* (2010) 48 Cal.4th 347, 409.)

Moreover, on the merits we would hold that a de minimis difference of $2 does not constitute an abuse of discretion.

Respondent notes the minute order does not reflect the restitution ordered and we agree it should be corrected.

## DISPOSITION

The cause is remanded to the juvenile court with directions to correct the December 14, 2012 minute order to reflect the ordered restitution. The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:



ROTHSCHILD, Acting P. J.



JOHNSON, J.

6