Filed 11/19/15  P. v. Thompson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID ALAN THOMPSON,<br><br>    Defendant and Appellant. | H041068<br>(Santa Clara County<br>Super. Ct. No. C1065424) |

## I.  INTRODUCTION

Defendant David Alan Thompson pleaded no contest to driving under the influence of alcohol with a blood alcohol level of 0.08 percent and causing injury (Veh. Code, § 23153, subd. (b)) and admitted a prior conviction for driving under the influence (Veh. Code, § 23152).  At the May 2011 sentencing hearing, the trial court placed defendant on formal probation for three years and acknowledged that defendant had previously paid victim restitution in the amount of $9,365.93.  On May 9, 2014, the trial court granted the People's motion for modification of the restitution order and ordered defendant to pay an additional $3,420.31 in victim restitution for reimbursement of the victim's medical expenses and income loss.

On appeal, defendant contends that the trial court erred in ordering  him to pay an additional $3,420.31 in victim restitution since the amount he had previously paid, $9,365.93, included funds sufficient to cover the victim's income loss and medical bills.

For the reasons stated below, we find no merit in defendant's contentions and we will affirm the May 9, 2014 restitution order.

## II. BACKGROUND

The first amended complaint filed in January 2010 charged defendant with felony driving under the influence of drugs and alcohol and causing injury (Veh. Code, § 23153, subd. (a); count 1) and driving under the influence of alcohol with a blood alcohol level of 0.08 percent and causing injury (Veh. Code, § 23153, subd. (b); count 2). The complaint further alleged that defendant had a prior conviction for driving under the influence (Veh. Code, § 23152). The factual background for the charged offenses was not included in the record on appeal.

During proceedings held on June 11, 2010, the trial court asked defendant if there was "[a]ny chance of restitution payments?" Defendant responded that he could pay restitution of $1,000 that day and then $1,000 per month. From June 2010 to April 2011 defendant made 11 restitution payments in the total amount of $9,365.93. On April 1, 2011, the trial court ordered the release of the restitution funds of $9,365.93 to the victim.

On April 29, 2011, defendant entered into a plea agreement in which he pleaded no contest to count 2 (Veh. Code, § 23153, subd. (b)) and admitted the prior conviction for driving under the influence (Veh. Code, § 23152). The probation department's waived referral report stated that the "victim witness assistance center" had paid the victim $3,420.31 for medical costs and lost wages. In addition, the victim submitted documentation of his vehicle-related expenses, which included payments totaling $5,906.27 for vehicle repairs, towing and storage fees, obtaining vehicle registration, lunch, rental costs and obtaining a police report.[1] The probation department

---

[1] This court granted defendant's motion to augment the record with the documents attached to the probation department's waived referral report in support of the victim's financial losses.

recommended that defendant pay victim restitution "including but not limited to $5,906.27."

During the sentencing hearing held on May 13, 2011, the trial court dismissed count 1 and placed defendant on formal probation for three years. The trial court acknowledged that defendant had previously paid victim restitution in the amount of $9,365.93.

In August 2012 the People filed a motion for modification of the restitution order. The requested modification was an order that defendant pay additional victim restitution in the amount of $3,420.31 to reimburse the Victim Compensation and Government Claims Board (Board) for its payment of the victim's medical bills and wage loss.

A contested hearing on the motion for modification of restitution order was held on May 9, 2014. The evidence submitted in support of the motion included records from the Board.[2] The trial court sustained defendant's objection to admission of the police report. During argument on the motion, defense counsel conceded that the victim's medical loss was substantiated by the records, but objected to the Board's payment of one week of wage loss as unsubstantiated.

The trial court found that the Board's records documented the victim's gross annual salary. The court further found that one week off work after a car accident was reasonable and defendant had not met his burden to show that it was unreasonable. The court therefore ordered restitution of $2,858.39 for income loss.

After the trial court ruled on the amount of restitution for income loss, defense counsel objected to restitution for medical bills paid by the Board in the amount of $561.92, on the ground that defendant's previous victim restitution payments had

---

[2] The record on appeal does not include the Board's records that were submitted at the contested hearing.

included payment of medical bills.  The court granted defense counsel's request to review the court file regarding the issue.

After reviewing the court file, defense counsel advised the court as follows: "Your Honor, I went through the documentation in the court file and the prosecutor's file, and I added the numbers up myself.  They add up exactly as far as what was originally ordered in the restitution.  $9,365.93.  That was the amount ordered that [defendant] paid.  That amount included a variety of things, but that did not include medical bills, nor did it include any lost income.  So the amount ordered before did not include medical bills or lost income that the prosecutor is asking for now."

After defense counsel conceded that defendant's previous payment of victim restitution did not include medical bills or income loss, the trial court ordered defendant to make an additional payment of victim restitution in the amount of $3,420.31 to reimburse the Board for its payments of $2,858.39 for income loss and $561.92 for medical loss.

## III.  DISCUSSION

On appeal from the May 9, 2014 restitution order, defendant contends that the record shows that defendant's previous payment of $9,365.93 in victim restitution included an amount that was sufficient to cover medical bills and income loss, and therefore the trial court erred in ordering him to pay an additional $3,420.31 in victim restitution for medical bills and income loss.  We will begin our evaluation of defendant's contentions with an overview of the rules governing victim restitution and the applicable standard of review.

### A.  *Victim Restitution*

California voters passed Proposition 8, the initiative also known as the Victims' Bill of Rights, in 1982.  (*People v. Giordano* (2007) 42 Cal.4th 644, 652 (*Giordano*).) "Proposition 8 established the right of crime victims to receive restitution directly 'from the persons convicted of the crimes for losses they suffer.'  (Cal. Const., art. I, § 28,

4

subd. (b).)" (*Ibid.*) The California Constitution states: "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer. [¶] Restitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (Cal. Const., art I, § 28, subd. (b)(13)(A) & (B).)

"The Legislature has enacted a statutory scheme that implements the broad mandate of California Constitution, article I, section 28, subdivision (b)." (*Giordano, supra,* 42 Cal.4th at p. 656.) Victim restitution is governed by Penal Code section 1202.4,[3] which provides in pertinent part (with exceptions not relevant here), that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . . The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record." (§ 1202.4, subd. (f).)

The procedure for determining the appropriate amount of victim restitution for damaged property is set forth in section 1202.4, subdivision (f)(3)(A): "To the extent possible, the restitution order shall be prepared by the sentencing court, shall identify each victim and each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as a result of the defendant's criminal conduct, including, but not limited to, all of the following: [¶] Full or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or

---

[3] All further statutory references are the Penal Code unless otherwise indicated.

the actual cost of repairing the property when repair is possible." However, "[t]here is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a civil action." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)

We review the trial court's order of victim restitution for abuse of discretion. (*Giordano, supra,* 42 Cal.4th at p. 663.) "The abuse of discretion standard is 'deferential,' but it 'is not empty.' [Citation.]" (*Ibid.*) " '[I]t asks in substance whether the ruling in question "falls outside the bounds of reason" under the applicable law and the relevant facts [citations.]' [Citation.]" (*Ibid*.) Thus, where there is " 'a factual and rational basis for the amount of restitution ordered by the trial court,' " the court does not abuse its discretion. (*People v. Mearns* (2002) 97 Cal.App.4th 493, 499 (*Mearns*).)

**B.** *Analysis*

Defendant contends that his previous payment of $9,365.93 in victim restitution "*included* an amount that covered medical expenses and lost wages. Therefore, any payment by the [Board] to the complaining witness for medical expenses and lost wages must have been duplicative." Defendant explains that the record shows that Board paid $5,906.27 for car repairs, which left a balance of $3,459.66 from defendant's previous restitution payments to cover the victim's medical costs and lost wages. Defendant therefore argues that the trial court erred in ordering him to pay an additional $3,420.31 in victim restitution for medical costs and lost wages, and for that reason the May 9, 2014 order should be reversed. Alternatively, defendant contends that trial counsel was ineffective in failing to fully investigate the record and discover that although the victim had incurred a financial loss of only $5,906.27, defendant had paid $9,365.93.

The People point out that the documents that were attached to the probation department's waived referral report in support of the victim's vehicle-related expenses show that these expenses totaled exactly $9,365.93. According to the People, the amount

6

of $9,365.93 was partially based on two car repair bills, in the amounts of $4,716.94 and $3,459.66, and did not include any medical bills.

In reply, defendant does not dispute that the documents attached to the waived referral report show a total claim for vehicle-related expenses in the amount of $9,365.93. However, defendant asserts that the car repair bill in the amount of $3,459.66 was only an estimate and notes that there is no documentation showing that the victim actually paid the bill. Defendant therefore argues that "[u]ntil such time as the complaining witness provides proof of the $3,459.66 payment for vehicle repairs . . . that amount must be held to be in excess of the original restitution calculations and should be applied toward the medical expenses and lost wages amount." Defendant also argues that trial counsel was ineffective in failing to obtain the documents attached to the probation department's waived referral report and discover that an additional $3,459.66 had already been released to the victim.

We are not convinced by defendant's argument that the trial court abused its discretion by including the car repair estimate of $3,459.66 in the amount ordered for victim restitution. Defendant has not provided any authority for the proposition that the victim's car repair estimate may not be used in calculating the amount of victim restitution. Moreover, the rules governing victim restitution are to the contrary: "[A] property owner's statements of value, recapitulated in the probation report, 'should be accepted as prima facie evidence of value.' [Citation.] 'When the probation report includes information on the amount of the victim's loss and a recommendation as to the amount of restitution, the defendant must come forward with contrary information to challenge that amount." (*In re S. S.* (1995) 37 Cal.App.4th 543, 547 (*S.S.*).)

In this case, the augmented record includes the documents attached to the probation department's waived referral report. Among the documents is a letter from the victim enumerating the vehicle-related expenses that he incurred due to the accident involving defendant, with supporting documents attached. The supporting documents

7

include a car repair estimate in the amount of $3,459.66. This car repair estimate constitutes prima facie evidence of the victim's financial losses, which defendant did not challenge in the trial court. (See *S.S.*, *supra*, 37 Cal.App.4th at p. 547.) On appeal, defendant has not offered any challenge to the claimed vehicle-related loss of $3,459.66, other than the fact that the loss is an estimate.

We therefore conclude that since the record shows that there was "a factual and rational basis for the amount of restitution ordered by the trial court," the trial court did not abuse its discretion in granting the People's motion for modification of the restitution order and ordering defendant to pay additional victim restitution of $3,420.31 to reimburse the Board for its payments of $2,858.39 for income loss and $561.92 for medical loss. (See *Mearns*, *supra*, 97 Cal.App.4th at p. 499.)

Since we have concluded that the trial court did not err because the record of the victim's losses provides a factual and rational basis for the May 9, 2014 order of victim restitution, we further conclude that defendant has failed to establish his claim for ineffective assistance of counsel based on trial counsel's failure to investigate the record. (*People v. Ledesma* (2006) 39 Cal.4th 641, 746 [to prevail on claim of ineffective assistance of counsel, defendant must show that "counsel's deficiencies resulted in prejudice"].)

For these reasons, we will affirm the May 9, 2014 restitution order.

## IV.  DISPOSITION

The May 9, 2014 restitution order is affirmed.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MIHARA, J.

*People v. Thompson*
**H041068**