Filed 12/6/21  P. v. Cue CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHAREVAN J. C. CUE,<br><br>    Defendant and Appellant. | G058610<br><br>(Super. Ct. No. 18WF2830)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Joseph Dane, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Elisabeth A. Bowman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Arlene A. Sevidal and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

**INTRODUCTION**

Defendant Charevan J. C. Cue pleaded guilty to leaving the scene of an injury accident in violation of Vehicle Code section 20001, subdivision (a) (section 20001(a)), "commonly known as 'hit and run'" (*People v. Martinez* (2017) 2 Cal.5th 1093, 1097 (*Martinez*). The trial court suspended imposition of sentence and placed defendant on three years' formal probation on terms and conditions that included that he pay restitution to the victims in an amount to be determined by the court at a later date. After an evidentiary hearing, the trial court ordered defendant to pay restitution in the amount of $47,500 to one of the victims involved in the accident.

Relying on *Martinez, supra*, 2 Cal.5th 1093, defendant argues that, under Penal Code section 1202.4, the trial court was only authorized to order restitution for those injuries that were *caused* or *exacerbated* by defendant's criminal flight from the scene, and was not otherwise authorized to award restitution for injuries resulting from the collision in which the victim suffered injuries.

We affirm. Under Penal Code section 1202.4, as interpreted by *Martinez, supra*, 2 Cal.5th at page 1098, if a defendant convicted of violating section 20001(a) is sentenced to prison, he or she may only be ordered to pay direct victim restitution for injuries caused by the defendant's criminal flight. The *Martinez* court explained, however, that in contrast to the defendant in that case, who had been sentenced to prison for a section 20001(a) conviction, a trial court has broad discretion to impose, as a condition of probation, payment of restitution that is """"reasonably related"""" to the offense of which the defendant was convicted. (*Martinez, supra*, p. 1098.) Here, defendant was ordered to pay restitution to the victim as a condition of probation. Defendant does not argue the restitution order reflected restitution for injuries that were not reasonably related to his commission of the section 20001(a) offense. We find no error.

# FACTS AND PROCEDURAL HISTORY

Defendant signed a *Tahl*[1] form in which he pleaded guilty to one count of hit and run with injury in violation of section 20001(a), as alleged in the felony complaint. Defendant offered the following factual basis for his plea: "In Orange County, California, on August 1, 2016, I was involved in an accident resulting in injury and did knowingly, willfully, and unlawfully fail to give to the injured person and to a traffic and police officer at the scene my name and address, registration, driver's license, and render assistance to the injured person, and perform duties specified in VC § 20003 & 20004."

The *Tahl* form stated defendant faced a maximum prison term of up to three years for the offense. Defendant initialed the paragraph in the *Tahl* form stating that he voluntarily agreed and understood that the trial court would grant him probation under the attached terms and conditions which he also initialed. Defendant also initialed the paragraph in the *Tahl* form stating that he agreed and understood the court would order him to pay restitution in an amount to be determined. That paragraph further stated: "If I disagree with the amount of restitution determined by the Probation Department, I may request a court hearing to determine the amount of restitution."

In the "Terms and Conditions of Felony Probation and Mandatory Supervision," attached to the *Tahl* form, defendant initialed the paragraph that provided the following condition of probation: "Pay restitution on count[] 1, even if any of these counts have been dismissed as part of a plea agreement, in the amount of TBD, or in an amount to be determined by the Court and as directed by the Probation Department or Mandatory Supervision. You are also ordered to make all financial disclosures required by law in order to fulfill your responsibility to pay full restitution. (P.C. 1202.4]. You

---

[1] *In re Tahl* (1969) 1 Cal.3d 122.

3

are also ordered to pay interest on restitution at the rate of 10% . . . from the date of . . . loss."

The trial court found a factual basis for and accepted defendant's guilty plea. The court suspended imposition of sentence and placed defendant on three years' formal probation on terms and conditions that included, as relevant here, that defendant be required to pay "restitution in the amount as determined and directed by Probation Department as to count(s) 1." That restitution condition was imposed in addition to terms and conditions that defendant pay a mandatory state restitution fine, a court operations fee, a criminal conviction assessment fee, and a probation revocation restitution fine. The trial court's minutes state defendant "accepts terms and conditions of probation."

The trial court's minutes also state that a couple of weeks after the trial court accepted defendant's guilty plea, the Probation Department recommended that the court order defendant to pay one of the victims involved in the car accident, Jason Tweet, restitution in the amount of $2,117.47 with 10 percent interest from the date of loss. A few days later, the court signed and issued an order for restitution and an abstract of judgment with the same terms. Defendant does not challenge the restitution order in favor of Tweet in this appeal.

The prosecutor thereafter filed an amended bench brief requesting that defendant be ordered to pay $48,319.37 in victim restitution to Argeroula Basilakos,[2] the other driver who was involved in the accident. The trial court held an evidentiary hearing on the requested restitution order in favor of Basilakos. Tweet testified at the hearing.

Tweet testified that around noon on August 1, 2016, he was traveling southbound in the carpool lane on the Interstate 405 freeway (the 405 freeway) when

---

[2]  The amended restitution bench brief and the order for restitution identify the victim as Argeroula Vasilakos. At the restitution hearing, the victim's name was spelled out on the record "B-A-S-I-L-A-K-O-S." The amended abstract of judgment refers to the creditor as "Argeroula V." We refer to the victim as Basilakos.

4

defendant, who was driving his car in the number one lane of the freeway next to Tweet, tried to make a last-minute freeway change by suddenly crossing all lanes of the freeway to take the 73 freeway exit. In so doing, defendant either collided with or came into such close proximity to a car driven by Basilakos, which had been travelling in the lane exiting the 405 to the 73 freeway, so as to cause Basilakos to make an evasive move and lose control of her car. Basilakos's car travelled across all four lanes of the 405 freeway and hit the center divider; Tweet then struck Basilakos's car. Defendant did not stop or return to the scene of the accident.

The parties stipulated to the admission of two settlement statements showing that Basilakos suffered injuries arising from the accident that included incurring a total of $47,500 in attorney fees that had been deducted from settlement payments she had received.

The court found the prosecution had proved that defendant was the cause of the victim's damages for which restitution was sought and the restitution sought was reasonable, necessary, and defendant's responsibility. The court ordered defendant to pay $47,500 in restitution to Basilakos, plus interest at a rate of 10 percent per year from the date of loss.

An order for victim restitution and an amended abstract, both in the amount of $47,500 (victim Argeroula Vasilakos) with interest at 10 percent per year, were entered. Defendant appealed.[3]

---

[3] One week before filing his notice of appeal, defendant filed a petition in the trial court for the modification or termination of probation/restitution on the ground of financial hardship. After defendant's notice of appeal was filed, the trial court placed this petition off calendar with no action taken.

# DISCUSSION

## I.

### OVERVIEW OF GOVERNING LEGAL PRINCIPLES

California law provides that convicted criminals may be ordered to pay one or more of three types of restitution. (*Martinez, supra*, 2 Cal.5th at p. 1100.) Convicted criminals may be ordered to pay a restitution fine into the state Restitution Fund, restitution directly to the victim, or restitution as a condition of probation. (*Ibid.*)

### A.

### Restitution as a Condition of Probation

In *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121 (*Carbajal*) the California Supreme Court explained the legal standards governing an order to pay restitution as a condition of probation, such as the order at issue in this appeal: "Restitution has long been considered a valid condition of probation. [Citation.] Penal Code section 1203.1 requires trial courts to 'consider whether the defendant as a condition of probation shall make restitution to the victim or the Restitution Fund,' and requires the court to 'provide for restitution in proper cases.' [Citation.] *California courts have long interpreted the trial courts' discretion to encompass the ordering of restitution as a condition of probation even when the loss was not necessarily caused by the criminal conduct underlying the conviction.* Under certain circumstances, restitution has been found proper *where the loss was caused by related conduct not resulting in a conviction* [citation], by conduct underlying dismissed and uncharged counts [citation], and by conduct resulting in an acquittal [citation]. There is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a civil action." (Italics added, fn. omitted.)

6

**B.**

**Direct Victim Restitution Under Penal Code Section 1202.4**

"Under the California Constitution, as amended in 1982 by Proposition 8 (commonly known as The Victims' Bill of Rights), every crime victim has a right to be compensated by the defendant for losses incurred as a result of the defendant's crime. [Citation.] At the time Proposition 8 was passed, 'victims had some access to compensation through the Restitution Fund, and trial courts had discretion to impose restitution as a condition of probation.' [Citation.] Courts did not, however, have general statutory authority to order the defendant to pay restitution directly to the victim of his or her crime. [Citation.] In passing Proposition 8, the electorate expanded victims' access to compensation by declaring an 'unequivocal intention . . . that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer,' and instructing the Legislature to adopt legislation to implement this directive." (*Martinez, supra*, 2 Cal.5th at p. 1100.)

The Legislature's response to Proposition 8 is codified in Penal Code section 1202.4. (*Martinez, supra*, 2 Cal.5th at p. 1100.) Penal Code section 1202.4, subdivision (a)(1) provides: "It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime." Penal Code section 1202.4, subdivision (f) provides how the amount of restitution is to be determined: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (See Cal. Const., art. I, § 28, subd. (b)(13)(B) ["[r]estitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss"].) Penal Code section 1202.4, subdivision (f)(3)(H) provides that economic loss includes "[a]ctual

7

and reasonable attorney's fees and other costs of collection accrued by a private entity on behalf of the victim."

## II.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY ORDERING DEFENDANT TO PAY BASILAKOS $47,500 IN RESTITUTION AS A CONDITION OF PROBATION.

Here, the trial court ordered defendant, as a condition of his probation, to pay to Basilakos restitution in the amount of $47,500. The amount of the restitution was based on evidence that Basilakos's attorneys incurred $47,500 in attorney fees that were deducted from the amount Basilakos received in settlement of claims related to the accident. The trial court did not err by ordering defendant to pay $47,500 to Basilakos in restitution as a condition of his probation.

Defendant does not challenge the trial court's finding at the restitution hearing that he caused the victim's damages. He does not dispute that the restitution order was based on loss ultimately caused by defendant's conduct, albeit conduct that did not directly result in a conviction. He does not challenge the amount of the restitution ordered.

In his opening brief, citing *Martinez, supra*, 2 Cal.5th 1093, defendant solely argues the trial court erred by ordering him to pay to Basilakos direct victim restitution under Penal Code section 1202.4, subdivision (a)(1) because defendant was convicted of leaving the scene of the accident in violation of section 20001(a),[4] and not of any criminal wrongdoing in *causing* the accident. But as discussed *ante*, the record

---

[4] Section 20001(a) provides: "The driver of a vehicle involved in an accident resulting in injury to a person, other than himself or herself, or in the death of a person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of [s]ections 20003 and 20004." Sections 20003 and 20004 require the driver to stop and provide identification and render aid to the victim, as well as to report the accident to authorities if there is no police officer present. Failure to comply with these requirements is a criminal offense. (§ 20001, subd. (b)(1), (2).)

8

shows the restitution order was imposed as a condition of his probation—an issue unaddressed by defendant in his opening brief.

The Supreme Court in *Martinez* cited its opinion in *Carbajal* in distinguishing restitution ordered as a condition of probation from direct victim restitution imposed under Penal Code section 1202.4: "[T]he restitution power conferred by section 1202.4 stands in contrast to a court's power to order restitution as a condition of probation . . . . We held in *Carbajal* that [the latter] power was unaffected by the passage of Proposition 8 or its implementing legislation, neither of which manifested an intent to abrogate courts' discretion to order restitution as a condition of probation 'where the victim's loss was not the result of the crime underlying the defendant's conviction, but where the trial court finds such restitution will serve' the purposes of probation. [Citation.] A trial court's power to order restitution in probation cases is thus broader than its power to order direct victim restitution under section 1202.4 in cases in which the defendant receives a nonprobationary sentence. . . . [¶] In *Carbajal*, we concluded that a trial court does not abuse its discretion in a hit-and-run case by conditioning the defendant's probation on the payment of restitution to the owner of property damaged in the underlying accident. Such a condition, we explained, 'can be reasonably related to the offense underlying the conviction and can serve the purposes of rehabilitating the offender and deterring future criminality.'" (*Martinez, supra*, 2 Cal.5th at pp. 1101-1102.) Defendant makes no argument in his appellate briefs that the restitution order in Basilakos's favor was not reasonably related to his violation of section 20001(a).

In his reply brief, defendant acknowledges the trial court issued the restitution order as a condition of probation, as noted by the Attorney General in the respondent's brief, and offers no challenge to that order as a probation condition. Instead, defendant adjusts his argument from his opening brief by stating he "maintains that the trial court imposed victim restitution pursuant to [Penal Code] section 1202.4, subdivision (a)(1) *and* as a condition of probation; and further that the restitution order

9

made pursuant to section 1202.4, subdivision (a)(1) must be stricken as unauthorized as argued in Appellant's Opening Brief."  (Italics added.)

Defendant does not cite to the record in support of his argument that the restitution order was made by the trial court not only as a condition of probation but also as direct victim restitution under Penal Code section 1202.4, subdivision (a).  Even if defendant's argument were supported by the record, he fails to explain how any error in this regard would be prejudicial given the absence of any challenge to the restitution order as a condition of probation.


### DISPOSITION

The judgment is affirmed.




FYBEL, ACTING P. J.

WE CONCUR:



GOETHALS, J.



MARKS, J.*

*Judge of the Orange Super. Ct., assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.