Filed 3/21/22  P. v. Gomez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D078770 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN413225) |
| CHASE RYAN GOMEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael D. Washington, Judge.  Affirmed as modified with directions.

Matthew R. Garcia, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Daniel Rogers, Acting Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

In February 2021, Chase Ryan Gomez pleaded guilty to one count of assault with force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)). The court accepted the plea agreement and placed Gomez on probation for two years, subject to various terms and conditions.

At the sentencing hearing, Gomez objected to several proposed conditions. Among those objected to were a condition forbidding use of alcohol and one forbidding the use or possession of marijuana. Neither substance played any part in the events involved in the offense. The court struck the alcohol condition but declined to strike the marijuana condition. The only discernable difference apparent in the record is the statement of the probation officer that Probation did not think it appropriate for people on probation to possess marijuana.

Gomez appeals, challenging only the decision to impose the marijuana condition of probation.

The Attorney General agrees that the court erred in imposing the marijuana condition on the record before us. We agree with the parties that the condition is not consistent with the decision in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). We will remand the case to the superior court with directions to strike the challenged condition.[2]

DISCUSSION

Possession and use of marijuana by adults are now legal in California. Here, possession or use of marijuana had no part in the offense or played any

---

[1] All further statutory references are to the Penal Code.

[2] The facts of the offense are not relevant to the resolution of this appeal, except that the parties agree the use or possession of marijuana was not involved in the offense or the facts leading to it. We will therefore omit the traditional statement of facts.

role in Gomez's history of substance abuse. We must examine the condition in light of the limitations placed on probation conditions by the decision in *Lent*.

Trial courts have broad discretion in selecting conditions of probation they think would assist in the rehabilitation of the offender and which would also help prevent further criminal behavior. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) Where the proposed conditions are preventing or requiring that which is otherwise lawful, the conditions are subject to some limitations.

Probation conditions can be declared invalid if all three of the conditions set forth in *Lent* are present. Specifically, (1) the condition has no relationship to the crime for which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. (*Lent*, *supra*, 15 Cal.3d at p. 486.)

Gomez and the Attorney General argue all three *Lent* factors are present here. Possession of marijuana in this instance is legal and had no part in the current offense or Gomez's criminal history. The court offered no reason for the condition save the probation officer's view that probationers should not use or possess marijuana. Since the court struck the alcohol condition, even though Gomez had a prior drunk driving offense, but imposed the marijuana condition with no history of abuse, the decision to overrule the objection was acceptance of the probation officer's blanket requirement for probationers. Plainly, the court had no basis to impose the condition over a timely objection, and therefore, we will agree with the parties that the condition must be removed.

3

DISPOSITION

The matter is remanded to the superior court with directions to strike the condition prohibiting Gomez from lawfully possessing or using marijuana. In all other respects, the judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


DO, J.