Filed 7/18/22 P. v. Dunlap CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>NANCY JANE DUNLAP,<br><br>      Defendant and Appellant. | C093842<br><br>(Super. Ct. No. 18F5099) |

Defendant Nancy Jane Dunlap pleaded guilty to receiving stolen property, including a gun cabinet and firearms. The trial court ordered her to pay $18,258.41 in restitution, which represented the value of the gun cabinet, the victim's travel expenses, and the value of the stolen firearms and other items. Defendant appeals, contending the trial court abused its discretion in ordering her to pay restitution beyond the value of the gun cabinet. She argues there was no evidence showing she was involved in the theft or that she ever possessed the firearms. We disagree and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A police officer responded to defendant's residence, where she resided with her codefendant boyfriend, to investigate a landlord-tenant dispute. The officer noticed a gun

1

cabinet and several cardboard and plastic boxes of personal property stacked in front of defendant's residence. Defendant's landlady told the officer that she believed the boxes of personal property were stolen because defendant and codefendant had been arrested for theft in the past. The landlady also gave the officer a stack of driver's licenses she found at defendant's residence. Defendant told the officer that she inherited the gun cabinet and the personal property from her late grandparents and denied they were stolen.

After leaving the property, the officer reviewed the driver's licenses and found one belonging to T.S. T.S. had reported five days earlier that a trailer containing all of his personal belongings, including a gun cabinet, 15 firearms, and cardboard and plastic boxes of personal property, were stolen from him. Upon reviewing the photos of the stolen property from T.S., the officer determined they were similar, if not identical, to the ones he saw in front defendant's residence.

The officer returned to defendant's residence with several other officers the next day. When they arrived, the officer noticed the gun cabinet, along with several other items that had been in front of defendant's residence the day before, were gone. The stolen trailer was parked near defendant's residence with its door open and was mostly empty inside. Defendant and codefendant exited their residence after multiple orders from the officers and were arrested. After she was arrested, defendant admitted she lied about the ownership of the gun cabinet and some of the personal property in front of her residence. She told the officer that codefendant and another person had been working together to move the trailer in an attempt to conceal it and the property therein. She claimed she did not know how codefendant came into possession of the trailer, but informed the officer of the location of the firearms. Defendant indicated that she refused to leave her residence at first when ordered to by officers, as she was waiting for codefendant to turn himself in. T.S. traveled to defendant's residence and identified multiple items belonging to him. Neither the gun cabinet nor the firearms were recovered.

The People charged defendant with receiving the stolen trailer (Pen. Code, § 496d, subd. (a)—count 1);[1] receiving stolen property (§ 496, subd. (a)—count 2); and resisting a peace officer (§ 148, subd. (a)(1)—count 3). The stolen property in count 2 included a gun cabinet, a California driver's license, fishing tackle, a TV, DVD's, personal heirlooms, and 15 guns. Defendant pleaded guilty to counts 2 and 3, and the People dismissed count 1. The plea agreement provided that the sentencing judge could use the facts underlying a dismissed count to calculate restitution.

Prior to the restitution hearing, the People submitted T.S.'s statement of travel expenses, as well as lists of the stolen property and their value. T.S. claimed the total value of his stolen property was $162,311.15. The People sought $18,258.41 in restitution, including T.S.'s travel expenses, the value of the gun cabinet, the value of the 15 firearms, and other miscellaneous items. Defendant did not provide an estimate.

At the restitution hearing, the People admitted they could not directly connect defendant to the theft of the trailer, but argued the totality of the circumstances implicated her. The trial court noted defendant lied to the police officer about the gun cabinet and concluded defendant was aware of the theft and the location of the stolen items. It observed this was "kind of like a conspiracy theory" and "when they divvy up the proceeds essentially of the theft, [defendant's] got that gun safe, and she knew exactly what was going on with those guns." Thus, "to the extent that [defendant] was involved in this large scale theft of guns and the gun safe," the trial court ordered restitution. The restitution totaled $18,258.41, which included $3,298 for the gun cabinet, $356.40 for T.S.'s travel expenses, and $14,604.01 for firearms and other miscellaneous items. Defendant timely appealed.

---

**1**     Undesignated statutory references are to the Penal Code.

DISCUSSION

On appeal, defendant contends the trial court abused its discretion in ordering her to pay restitution for the firearms and other miscellaneous items because there was no evidence showing that she had stolen or received the property. She argues she is only responsible for the value of the gun cabinet in the amount of $3,298, and urges us to strike the balance of the restitution order. We disagree and affirm the judgment.

In every case where a victim has suffered economic loss because of a defendant's conduct, the trial court is required to order the defendant make restitution to the victim "in an amount established by court order, based on the amount of loss claimed by the victim . . . or any showing to the court." (§ 1202.4, subd. (f).) The amount in restitution shall be "sufficient to fully reimburse the victim . . . for every determined economic loss incurred as the result of the defendant's criminal conduct," including "[f]ull or partial payment for the value of stolen . . . property." (§ 1202.4, subd. (f)(3)(A).)

The tort principles of causation, including cause in fact and proximate cause, apply to victim restitution claims in criminal cases. (*People v. Jones* (2010) 187 Cal.App.4th 418, 425; *People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1321 (*Holmberg*).) "California courts have adopted the 'substantial factor' test in analyzing proximate cause." (*Holmberg, supra*, at p. 1321.) This is a relatively broad standard and requires " ' "only that the contribution of the individual cause be more than negligible or theoretical." ' " (*Ibid*.)

The trial court has broad discretion in setting the amount of restitution, and it may use "any rational method of fixing the amount of restitution as long as it is reasonably calculated to make the victim whole." (*People v. Baker* (2005) 126 Cal.App.4th 463, 470.) "There is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)

4

A restitution order is reviewed for abuse of discretion. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) Where the order is supported by a factual and rational basis, no abuse of discretion will be found by the reviewing court. (*Ibid*.) In reviewing the sufficiency of evidence, " '[w]e do not weigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier of fact.' " (*Ibid*.)

The evidence here supports a causal connection between defendant's conduct and T.S.'s economic losses. The gun cabinet and boxes of T.S.'s personal property were found in front of defendant's residence just five days after the theft. By entering a guilty plea, defendant admitted she received the guns, the gun cabinet, and other personal property belonging to T.S. with the knowledge that they were stolen. (§ 496.) Her plea agreement allowed the trial court to consider the fact that she received the stolen trailer knowing it was stolen. (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167 [courts may consider facts underlying a dismissed count in sentencing with the defendant's agreement].) She was also aware that codefendant was moving the stolen trailer around with the intention to conceal the trailer and the property therein. Yet, she intentionally lied to the police officer about the ownership of the gun cabinet and other personal property found in front of her residence. And just one day after the police officer questioned the ownership of the gun cabinet and the property, those items had been removed from the front of defendant's residence and the contents of the trailer had been emptied. It is therefore reasonable to conclude that defendant assisted in the theft by helping codefendant to conceal the stolen property from police investigation. As a result, T.S. was unable to recover the gun cabinet and firearms. Defendant's conduct was a concurrent cause in depriving T.S. of the use of his property and played far more than a negligible or theoretical part in bringing about T.S.'s economic losses. (See *Holmberg, supra*, 195 Cal.App.4th at p. 1322.)

Defendant also disputes her responsibility to reimburse T.S. for travel expenses. The expenses submitted by the People appeared to be associated with T.S.'s trip to defendant's residence to recover his belongings. Because T.S. incurred the expenses as a result of defendant's conduct, the trial court properly ordered defendant to pay restitution for T.S.'s trip. (See § 1202.4, subd. (f).)

Finally, defendant contends the People's estimate included miscellaneous items that were not part of her guilty plea. However, these items were part of T.S.'s personal property that were stolen along with the trailer. As discussed *ante*, defendant's plea agreement allowed the trial court to consider her involvement in concealing the stolen trailer in ordering victim restitution. Because defendant assisted in the concealing of the stolen trailer and its content, and therefore withholding the personal property from T.S., the trial court may properly order defendant to pay restitution for these items. (See *Holmberg, supra*, 195 Cal.App.4th at p. 1322; *People v. Carbajal, supra*, 10 Cal.4th at p. 1121 [a restitution order need not be limited to the exact amount of loss in which the defendant is found culpable].)

DISPOSITION

The judgment is affirmed.

                                    KRAUSE            , J.


We concur:


    HULL            , Acting P. J.



    MAURO           , J.

6